ORDER
GARY P. SULLIVAN, Chief Justice.
UPON REVIEW of the Petition for Interlocutory Appeal and Motion for Order of Stay, filed on March 24, 1999 and the Notice of Appeal/Petition for Review filed on March 25, 1999 and upon further review of the Tribal Court file, said Motion for Order of Stay and Petition for Review are denied for the following reasons:
1.“Interlocutory appeals are appeals on procedural matters touching on due process issues and do not touch upon or concern the merits of the case pending.” (Rule 6, Ft Peck Court of Appeals Rules of Procedure). The Order sought to be stayed is an Order to Release Vehicle from Impoundment. As such, this is not the type of Order that is contemplated by our Rule 6 and is therefore not ripe for a Petition for Review.
2. “An interlocutory appeal is defined as an appeal from a final order of the Tribal Court which involves an issue of law consistent with a violation of due process adversely affecting the outcome of a trial on the merits, regardless of whether the final order includes a full determination on the merits.” (Rule 6, id.) The review of the Tribal Court file reveals that the Court is proceeding in an orderly fashion to insure that due process is afforded to all interested persons. The fact that the Tribal Court is ordering publication of notice of the pending probate matter furthers the due process lights of all concerned. These same due process rights are strengthen by the fact that no action is taken for a twenty-day period while publication of the probate proceeding is ongoing.
3. “Application for a stay of the judgment or order of the Tribal Court pending appeal, or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal must be made in the first instance in the Tribal Court. A motion for such relief may be made to the Court of Appeals, however, the motion shall show that application to the Tribal Court for the relief sought has been denied, or that the Tribal Court has failed to afford the relief which the applicant requested, within a reasonable period of time.” (Rule 5, id.). The Motion for Stay does not indicate whether the Tribal Court was given the opportunity to stay it’s own Order.
4. It appears that the concern of our Petitioners is that one of the potential heirs, Jacqueline Stormy Spotted Bird might dispose of, or convert a vehicle that may become property of the estate. The *137 Order sought herein to be stayed, actually addresses this issue as follows: “... Para 2. Said vehicle, is released to the custody of Jacqueline Spotted Bird, who shall have responsibility for the vehicle and its value, as an asset of the estate of Clarence Dale Stormy, until the adjudication of intestacy in this matter.” It is clear that our Tribal Court has sought to protect the property in question and that it is moving forward with the probate proceeding in full compliance with the law.
5. Our Petitioners also express concern that the Tribal Court did not address their allegations of forgery of a document submitted by Jacqueline Spotted Bird during the hearing on March 22, 1999. We note that the hearing on March 22, 1999 was placed on the Court’s calendar by Jacqueline in the form of a Motion to Vacate the Order to Impound the Vehicle. Inasmuch as the parties summoned to Court were only “noticed” regarding Jacqueline’s motion, it would have been a denial of due process for our Tribal Court to hear any other extraneous matter, regardless of that matter’s importance, unless such matter was properly noticed to all parties. It should be noted that all interested parties have the legal light to bring before the Tribal Court those matters that are relevant to the subject proceeding. It is therefore, incumbent upon the petitioners herein to bring “pressing” or “urgent” matters in the form of an appropriate motion or petition, observing whatever policies and procedures the Tribal Court has in place. Then and only then is the Tribal Court positioned to hear and fully litigate their concerns.
6. The Clerk of the Court of Appeals is directed to serve a copy of this order on all parties of record.